UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS BORGES CARREIRO, et al., and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUNTLEIGH USA CORPORATION, et al.,<br><br>Defendants. | **Civil Action No. 08-10819-NG**<br><br>Leave to file granted on September 5, 2008 |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO ALLOW NOTICE TO BE SENT TO POTENTIAL PLAINTIFFS INFORMING THEM OF THEIR RIGHT TO OPT IN TO THIS CASE UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)**

Most of the arguments raised by Huntleigh in its opposition to Plaintiffs' motion for opt-in notice are identical to the arguments it raises in its motion to dismiss and in its opposition to Plaintiffs' motion to amend the complaint. The concerns Huntleigh raises about venue are addressed in Plaintiffs' reply brief in support of their revised motion to amend the complaint—venue is proper here because Huntleigh does business in Massachusetts and employs skycaps in Massachusetts at airline terminals at which the $2 per bag curbside check-in fee that is the subject of this case is charged. The fact that Plaintiffs also bring claims on behalf of skycaps at other airports does not mean that venue is improper—such a ruling would effectively bar plaintiffs from bringing class and collective actions challenging nationwide policies.

In arguing that Plaintiffs have not presented evidence that Stoot is similarly situated to skycaps in other cities, Huntleigh misconstrues the standard for allowing opt-in notice under 29 U.S.C. § 216(b). The burden on plaintiffs to establish that opt-in

notice should be sent is modest. As Plaintiffs have explained in their motion, during the "'notice stage,' the court usually relies 'only on the pleadings and any affidavits which have been submitted' … [and] some courts have held that, at the 'notice' stage, plaintiffs need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law." Kane v. Gage Merchandising Services, Inc., 138 F.Supp.2d 212, 214 (D. Mass. 2001) (Mooney v. Aramco, 54 F.3d 1207, 1214 (5th Cir. 1995)).

Plaintiffs here have met their modest burden—they have alleged that skycaps employed by Huntleigh are paid less than the federal minimum wage and are not permitted to retain all of their tips. This practice is confirmed in the affidavit of named plaintiff Nelson Stoot.[1] Notably, Huntleigh does not contest the existence of the challenged policy, under which skycaps (who make less than minimum wage) must turn in $2 per checked bag regardless of whether they have succeeded in collecting it from every passenger. Plaintiffs submit that the showing they have made—that Huntleigh skycaps in New Orleans are paid less than the federal minimum wage—satisfies the lenient burden at this "notice stage." Alternatively, if the Court determines that more evidence is needed on this issue, Plaintiffs request the opportunity to take some limited discovery as to the hourly rates of skycaps employed by Huntleigh around the country.

## CONCLUSION

For the reasons set forth above and in the Plaintiffs' motion for opt-in notice, this Court should grant Plaintiffs' motion and allow notice to issue which will permit potential plaintiffs to opt in to this case.

        Respectfully submitted,

        CARLOS BORGES CARREIRO et al.,
        By their attorneys,

          /s/ Hillary Schwab_____
        Shannon Liss-Riordan, BBO #640716
        Hillary Schwab, BBO #666029
        PYLE, ROME, LICHTEN, EHRENBERG
           & LISS-RIORDAN, P.C.
        18 Tremont Street, 5th Floor
        Boston, Massachusetts 02108
        (617) 367-7200

Dated:     September 5, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that on September 5, 2008, a copy of this document was served by electronic filing on all counsel of record.

          /s/ Hillary Schwab_____
        Hillary Schwab, Esq.

---

[1] Moreover, the allegation in the complaint that Plaintiff Carlos Carreiro and other Boston skycaps are paid less than the Massachusetts minimum wage provides support for the assertion that Huntleigh fails to pay the mandatory minimum wage in locations around the country.